STATE *v.* DAVIS.

Affirmed.

JOHNSON, J., not sitting.

PARKER, J., concurs in result.

STATE v. EDNA SHUFORD DAVIS.

(Filed 17 October, 1956.)

Criminal Law § 62f—

Evidence *held* to support findings by the court that the defendant allowed people to congregate and remain in her home at nighttime with such frequency and in such numbers as to raise an inference that she was engaged in fortune telling or aiding in prostitution contrary to the terms of a suspended judgment against her, so as to justify the order putting into effect the sentence.

JOHNSON, J., not sitting.

APPEAL by defendant from *Dan K. Moore, J.,* August Term, 1956, of CATAWBA.

This case was before this Court at the Spring Term 1956 and was remanded for further hearing. See *S. v. Davis,* 243 N.C. 754, 92 S.E. 2d 177.

The findings of the court below are set forth in its judgment: "This cause coming on to be heard and being heard upon the appeal from an order of the judge of the Municipal Court of the City of Hickory, dated the 11th day of Nov. 1955, wherein the court found that the defendant had violated the second condition of the suspended sentence entered by the said court against the defendant on the 27th day of May 1955, wherein the defendant entered a *nolo contendere* to the charges of telling fortunes without a license and with abetting prostitution, said cases being consolidated for judgment, and a sentence of two years imposed, but suspended for three years on the following conditions: 1st, that the defendant not violate any of the laws of the State of N. C.; 2nd, that she not permit or allow people to congregate or remain in her home after the hours of darkness; 3rd, that she pay the costs of each case and pay a fine of $600.00. The fine and costs were paid; and this cause having been heard *de novo* at this term of the Superior Court of Catawba County, upon the sworn testimony of C. E. Buchanan, a police officer of the City of Hickory, M. J. Dellinger, officer of the City of Hickory, Ned Whitener, A.B.C. officer, M. P. Pope, an A.B.C. officer,

R. P. Sigmon, Dep. Sheriff of Catawba County, Wade E. Davis, Sheriff of Catawba County, and Edna Bowman, a white female, and from the testimony so offered the court finds as a fact that, after the judgment was signed on May 27, 1955 in the Municipal Court of the City of Hickory, many cars continued to visit the home of the defendant, after the hours of darkness, from one to four being there on numerous occasions, and remaining there various times ranging from a few minutes until hours; that the occupants of these cars were at various times seen entering and leaving the home of the defendant, and were white men and white women, the defendant being a Negro; that white women were seen leaving the home and meeting white men at a short distance from the home; and that on various occasions a white woman was called by the defendant and when this woman arrived at said home white men were found there drinking in company with the defendant; and that this white woman in company with the defendant left the home for the purpose of procuring additional whiskey, and returned to the home where the men and the defendant continued to drink.

"From this evidence and from the facts found the court finds that the defendant allowed people to congregate and remain in her home with such frequency and in such numbers as to raise an inference that she was engaged in fortune telling or aiding in prostitution.

"The court, therefore, finds as a fact that the defendant has violated the following conditions of said suspended sentence: 1st, that she not violate any of the laws of the State of N. C.; 2nd, that she not permit or allow persons to congregate or remain at her home after the hours of darkness; it is therefore ordered that capias and commitment issue forthwith to put the prison sentence into effect."

From the foregoing judgment, the defendant appeals, assigning error.

*Attorney-General Patton and Assistant Attorney-General McGalliard for the State.*

*Deal, Hutchins & Minor for defendant.*

PER CURIAM. If the defendant, a Negro, has ceased telling fortunes in violation of the law, and has not engaged in abetting prostitution, since 27 May, 1955, and has not violated the law in any other respect, it is an unusual and peculiar circumstance that her home has continued to be the mecca for so many white men and white women during the hours of darkness. *S. v. Davis, supra.*

We think the facts found by his Honor are supported by competent evidence, and are sufficient to sustain the order putting into effect the sentence imposed on 27 May, 1955, in the Municipal Court of the City of Hickory.

Affirmed.

JOHNSON, J., not sitting.